## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 19-21972 (JJT) |
| | ) | | |
| LINDA A. PELLECHIA, | ) | CHAPTER | 13 |
|     Debtor. | ) | | |
| | ) | RE: ECF Nos. | 129, 134 |
| | ) | | |

## MEMORANDUM OF DECISION ON DEBTOR'S MOTION FOR NEW TRIAL

Before the Court is the Debtor's Motion for a New Trial (ECF No. 134, the "Motion"), which was filed on July 7, 2020, and brought pursuant to Federal Rules of Bankruptcy Procedure 7052, 9017, 9023 and 9024. The Debtor argues in her Motion that the Court's Ruling on June 24, 2020 (ECF No. 129, the "June 24 Memorandum of Decision")—which pertained to a Motion to Dismiss with Prejudice (ECF No. 91) filed by Wells Fargo Bank, National Association, as Trustee ("Wells Fargo"), the Debtor's own Motion to Dismiss (ECF No. 105), and this Court's own Order to Show Cause (ECF No. 114)—was flawed for various reasons, but ultimately because the record upon which the Court relied could not support the Court's finding of bad faith. *See* Motion, pp. 2-3. After a thorough review of the record pertaining to this Motion and the Court's June 24 Memorandum of Decision, and for the reasons stated herein, the Motion is hereby DENIED.

On June 9, 2020, the Court held a hearing on the aforementioned motions, at the conclusion of which, the Court took the matter under advisement. Thereafter, the Court issued the June 24 Memorandum of Decision, finding that the Debtor's filing of the present case was made in bad faith and was ultimately part of a long running effort to frustrate a state court foreclosure action. *See* June 24 Memorandum of Decision, p. 2. In coming to this conclusion, the

Court painstakingly reviewed the Debtor's voluminous filings, as well as her other byzantine legal proceedings related to the foreclosure action. In reliance on court documents from the present case, as well as matters of public record including the docket and orders in the state court foreclosure proceeding and the Debtor's various other bankruptcy and civil proceedings in federal court, this Court concluded that the nature of the Debtor's proposed Chapter 13 Plan was highly indicative of bad faith and that the Debtor had failed to accurately represent the nature of her debts to the Court.[1]

While the Debtor casts this Motion as a Motion for a New Trial, she references both Federal Rules of Bankruptcy Procedure 9023 and 9024. Given that this Motion is more accurately characterized as a motion for reconsideration, and not a motion for a new trial, the Court will address it as such. Federal Rule of Civil Procedure 60(b), given effect through Federal Rule of Bankruptcy Procedure 9024(b), controls and provides that relief from a final judgment or order of the court may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

---

[1] *See OneWest Bank, FSB v. Pellechia, Linda A.*, WWM-CV08-5002482-S (Conn. Super. Ct. 2008), *In re Linda Pellechia*, Case No. 08-71592, U.S. Bankruptcy Court, Eastern District of New York (Central Islip), *In re Linda Pellechia*, Case No. 09-70327, U.S. Bankruptcy Court, Eastern District of New York (Central Islip), *Linda Pellechia v. OneWest Bank, FSB et al.*, 3:11-CV-1587 (D. Conn. 2012), and *In re Linda Pellechia*, Case No. 14-21785, U.S. Bankruptcy Court, District of Connecticut (Hartford).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court. . . . [A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *In re Blonder*, 47 Fed. Appx. 605, 606 (2d Cir. 2002) (internal quotation marks and citations omitted) *(quoting LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995)). Motions to reconsider a court's prior order "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re SageCrest II LLC*, No. 08-50754 AHWS, 2012 WL 525734, at *1 (Bankr. D. Conn. Feb. 16, 2012) (*citing Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Critically, a motion for relief brought pursuant to Rule 60(b) is "addressed to the sound discretion of the . . . court . . . ." *Id.*

Here, the Court is able to discern the following arguments from the Debtor's Motion: (1) an adverse credibility determination made by the state court in her foreclosure action, which was referenced by this Court, was based on an erroneous reading of the Debtor's underlying affidavit in that action, and has resulted in unfair prejudice to the Debtor; (2) this Court failed to review relevant and material evidence submitted with her filings that would demonstrate that the Debtor was not proceeding in bad faith; (3) the secured creditor here made misleading representations to the Court that tainted the proceedings; (4) the Debtor was prejudiced by the Court's denial of her request for a continuance during the June 9, 2020 hearing because it was genuinely based upon

3

the Debtor's ill health; and (5) the Court ordered *in rem* relief even when Wells Fargo had not requested it.

While the Debtor's Motion is difficult to comprehend and does not provide any relevant legal authority in support of her requests for relief, the Court nonetheless views the Debtor's Motion as arguing *mistake* (contentions 1 and 2), *misrepresentation by an opposing party* (contention 3) and *other reasons that justify relief* (contentions 4 and 5). *See* Fed. R. Civ. P. 60(b). The Court will address these contentions in turn.

With respect to mistake, the Debtor argues that the Court erred when it stated in its June 24 Memorandum of Decision that the Court had asked the Debtor her opinion as to value of her property, which was the subject of the foreclosure action. The Debtor contends that, "[t]he [C]ourt at no time asked the [D]ebtor that question . . . ." Motion, p. 3, ¶ 7. To the contrary, on April 23, 2020, during a hearing on a related matter (the Debtor's Amended Objection to proof of claim 5-1, ECF No. 47), the Court specifically asked: "How much do you think the house is worth today?" April 23 Hearing, ECF No. 72, Audio Transcript, 36:08, to which the Debtor replied, "probably even less than $160,000." *Id.*, at 36:13.

Next, the Debtor argues that this Court's reference to an adverse credibility determination made by the state court as to her bankruptcy filings constitutes a manifest injustice because the state court misinterpreted her affidavit. To that end, this Court referenced that credibility determination as part of a summary of recent findings in the foreclosure action. *See* June 24 Memorandum of Decision, p. 9, ¶ 31 ("the state court found that the Debtor had fought a long war of attrition against OneWest, that the Debtor's standing and procedural challenges were without merit and that the Debtor had engaged in forum shopping and serial bankruptcy filing in order to frustrate the foreclosure process."). In support of her contention that this reference

4

constitutes a reversible error, for the first time in this case the Debtor included in her Motion an affidavit from April of 2017, which presumably the Debtor had in her possession during the June 9 Hearing and which allegedly the state court relied on in making its adverse credibility determination.

Even for the sake of argument, if this Court assumed that the basis for the adverse credibility determination was in contention, this would not change the fact that the totality of the circumstances in the present case weighs strongly in favor of finding bad faith. While this Court noted in footnote 12 of the June 24 Memorandum of Decision that it found that finding probative of the issues then under consideration, the Court's June 24 Memorandum of Decision was based on other, more palpable indicia of bad faith than this one factual determination by the state court that the Debtor now highlights. Pointedly, the Court was substantially influenced by an unrelenting series of meritless arguments, appeals, delays and unavailing bankruptcy filings.

The Debtor further argues that this Court failed to review relevant and material evidence submitted by the Debtor, including the underlying loan documents and the papers documenting their subsequent assignments, because if it had, the Court could have not found bad faith. The Court also finds this claim to be without merit. The Debtor fails to provide any colorable rationale for why these underlying transactional documents demonstrate that the Debtor acted in good faith in bringing the present case. From what the Court can glean, her argument is essentially that these documents show bad faith on behalf of Wells Fargo, and, thus, any action taken by her in response to Wells Fargo's actions could not have been made in bad faith. Beyond the fact that the Debtor's conclusion simply does not follow, the Debtor argued this point vigorously during every hearing before this Court. The Debtor now points to no new relevant

evidence or otherwise unavailable evidence that the Court had not already considered at the time it issued the June 24 Memorandum of Decision.

Next, the Debtor argues that Wells Fargo made multiple misleading or fraudulent statements during the proceedings before the Court. In particular, the Debtor argues that the secured creditor had represented to the Court that a final judgment had entered in her foreclosure case, when in fact one had not. Motion, p. 2. The Debtor essentially argues that this alleged misrepresentation reflects generally on the secured creditor's credibility and amounts to a fraud upon the Court. The Court finds this claim to be wholly without merit. As indicated in the June 24 Memorandum of Decision, the long and twisting procedural history of the Debtor's various state and federal proceedings did in fact include a final judgment in the Debtor's foreclosure action, which was subsequently vacated on a motion of OneWest[2] so that the parties could pursue an out of court mediation. This fact was correctly represented by Wells Fargo during the hearings, as well as in its court filings, and was known to the Court at the time the Court issued its June 24 Memorandum of Decision. Any possible confusion as to this issue is attributable solely to the convoluted and twisting nature of the Debtor's foreclosure action and her subsequent bankruptcy efforts to forestall it, and, thus, does not warrant reconsideration of the June 24 Memorandum of Decision.

With respect to the Debtor's request for a continuation of the hearing on account of ill health, such a determination is wholly within the discretion of the Court. *See* Local Bankr. R. 9014-1(k) ("Unless the motion for continuance is granted by the Court at least one (1) business day before the Final Hearing, the Contested Matter will be heard as scheduled."). On June 9, 2020, the Debtor presented herself before the Court telephonically and proceeded, clearly and

---

[2] *See* the June 24 Memorandum of Decision, p. 5, ¶¶ 13, 14 (providing the procedural history of the Debtor's state court foreclosure as it relates to previous holders of the note and mortgage).

6

with vigor, with the hearing on the motions to dismiss for approximately twenty (20) minutes before stating that she was feeling unwell and that she wanted a continuance. June 9 Hearing, ECF No. 126, Audio Transcript, 20:15. Despite indicating to the Court that she would provide the Court with demonstrable proof to support her request, the Debtor has provided no such support to the Court for the contention that she was unable to proceed further at the June 9 Hearing on account of health-related issues. The Debtor has thus failed to demonstrate good and sufficient cause why the Court should have granted the oral motion at that time or why the Court should reconsider its denial of her request now. *See In re Fanuzzi*, No. 12-60143-11, 2012 WL 1390634, at *8 (finding that the debtors failed to provide good and sufficient cause for their motion for a continuance because, in part, they failed to provide any tangible support for it); *In re Brown*, 408 B.R. 509, 522 (Bankr. D. Idaho 2009). Further, in both her pleadings and arguments, she ostensibly and fully advanced her positions.

    Lastly, the Debtor seeks reconsideration of the June 24 Memorandum of Decision because the Court ordered *in rem* relief that Wells Fargo did not request in its Motion to Dismiss with Prejudice.[3] This contention is also without merit. In addition to the secured creditor's motion to dismiss, the Debtor was also before the Court on the Court's own Order to Show Cause. *See* 11 U.S.C. § 105; *see also Modica v. Ozone Park Funding Associates,* 442 B.R. 189, 193 (E.D.N.Y. 2010) ("where a debtor abuses the bankruptcy process by filing a petition to obtain the benefit of the automatic stay, the court may dismiss the case and limit the effect of the automatic stay in any future case, subject to the debtor's (or trustee's) right to seek to reimpose the stay upon appropriate notice." [internal quotation marks omitted]). Here, the Court's Order

---

[3] *See* ECF 91, p. 13, for confirmation otherwise.

providing supplemental *in rem* relief was based upon its own Order to Show Cause and was founded on a record of abuse, delay, meritless arguments and evasion.

In sum, the Debtor has failed to demonstrate the existence of any additional relevant and material facts not already before the Court, any controlling law, or any error pertaining to this Court's June 24 Memorandum of Decision that would call into question this Court's finding of bad faith or call into question the relief granted therein.

In conclusion, in light of the abusive tactics, wasteful calls on judicial resources and strained arguments of the Debtor, it is clear that this matter belongs in the Superior Court, where it can and should be advanced to a definitive determination. The Debtor's foreclosure defense was scheduled for trial when this most recent bankruptcy filing was made. Given the history of avoidance and delay, it is reasonable to infer that the Debtor simply does not want the merits of this foreclosure determined. If the Debtor remarkably prevails at trial, she will have no need for a bankruptcy filing and will be vindicated. If she fails to prevail at trial again, her dilatory and disingenuous agenda will be confirmed. Accordingly, the Debtor's Motion is hereby DENIED.

**IT IS SO ORDERED** at Hartford, Connecticut this 28 day of July 2020.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut